# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

v.

**PEDRO VAN RHYN SOLER, and EDGARDO VAN RHYN SOLER,**

**Defendants.**

Criminal No. 16-742 (ADC)

## OPINION AND ORDER

On November 29, 2016, a grand jury charged defendants Pedro Van Rhyn Soler ("Pedro") and Edgardo Van Rhyn Soler ("Edgardo") with one count of conspiracy to commit health care fraud ("Count One"), 18 U.S.C. §§ 1347(a)(1) and 1349, one count of conspiracy to commit money laundering ("Count Two"), 18 U.S.C. §§ 1956(a)(1)(B)(1) and 1956(h), and one count of conspiracy to engage in unlawful monetary transactions ("Count Three"), 18 U.S.C. §§ 1956(h) and 1957.[1] **ECF No. 3**. On June 21, 2017, Edgardo moved the Court to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v). **ECF No. 39**. That same day, Pedro moved the Court to allow him to join Edgardo's motion to dismiss, **ECF No. 40**, which the Court granted, **ECF No. 52**. The government opposes the motion to dismiss. **ECF No. 43**. The Court now grants Edgardo leave to reply to the government's response and will consider his tendered reply. **ECF No. 44-1**.

---

[1] Because defendants are brothers and share their last names, the Court will refer to them by their first names.

I.   **Pedro's Motion to Join the Motion to Dismiss**

As an initial matter, although the Court granted Pedro's motion to join Edgardo's motion to dismiss, **ECF No. 52**, joining Edgardo's motion does not help Pedro. Edgardo's motion is based on the argument that the indictment is legally insufficient because it "fail[s] to factually aver that *Edgardo* defrauded, or agreed with others to defraud National Life Insurance Company ('NALIC'), a health care benefit program." **ECF No. 39** at 1–2 (emphasis added). It is far from plain that any insufficiency in the indictment's allegations about Edgardo will translate into a corresponding insufficiency as to Pedro. Although it is possible that whatever allegedly makes the indictment against Edgardo insufficient also makes it insufficient against Pedro, Pedro must, at the very least, argue that point and show why it is so. But Pedro has not even alleged that possibility, let alone argued it in a developed manner. *See* **ECF No. 40**. Pedro cannot simply join a motion to dismiss directed against the alleged insufficiency of the allegations against his co-defendant and expect "the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). By having done so, Pedro has waived his claims.

Moreover, even if the charges against Edgardo were dismissed, the charges against Pedro would not necessarily have to be dismissed as well, because each count in the indictment alleges that Pedro and Edgardo conspired not only "with each other," but "with other persons known and unknown." **ECF No. 3** at ¶¶ 11, 27, 29. Again, it was incumbent upon Pedro to explain how he stands to benefit from any success Edgardo may have in dismissing the charges against

Edgardo. However, Pedro has not done this. *See* **ECF No. 40**. Accordingly, the Court finds that Pedro has also waived those claims. *See Zannino*, 895 F.2d at 17. In any event, even if the Court were disposed to make Pedro's claims for him, which the Court is not, his claims would fail for the same reasons as Edgardo's do.

II.     **Edgardo's Motion to Dismiss the Indictment**

Edgardo moves to dismiss Count One—health care fraud—on two grounds. **ECF No. 39** at 6. First, he argues the indictment is insufficient regarding Count One because it fails to allege that Edgardo participated in a scheme to defraud—an element of health care fraud. Thus, Edgardo contends that the indictment fails to appraise him of the specific charges against him. *Id.* Second, Edgardo mounts a facial attack on the indictment and argues that the conduct averred in the indictment does not amount to a scheme to defraud. *Id.;* **ECF No. 44-1**. Finally, Edgardo further argues that Counts Two and Three—the money laundering charges—must also be dismissed as insufficient because they rely on the health care fraud alleged in Count One as the "specified unlawful activity." **ECF No. 39** at 13.

   A.     **Legal Standard**

"In general, an indictment is adequate if it specifies the elements of the offense charged, fairly appraises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy." *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012) (citing *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993)). Although "[a]n indictment must allege each of the required elements of conspiracy, [] the government need not put forth

specific evidence to survive a motion to dismiss." *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015) (citing *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014)). "A well-pleaded indictment can parrot 'the statutory language to describe the offense, but it must also be accompanied by such a statement of facts and circumstances as to inform the accused of the specific offense with which he is charged.'" *United States v. Parigian*, 824 F.3d 5, 9 (1st Cir. 2016) (quoting *Savarese*, 686 F.3d at 6) (then citing Fed. R. Crim. P. 7(c)(1)).

"When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" *Ngige*, 780 F.3d at 502 (quoting *Savarese*, 686 F.3d at 7). "Indeed, 'courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations.'" *Id.* (quoting *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011)).

**B.    Discussion**

Edgardo argues that the indictment is insufficient because it fails to allege an element of the offense of health care fraud.[2] Specifically, Edgardo argues that the indictment does not allege

---

[2] The health care fraud statute provides that:
    (a) Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—
        (1) to defraud any health care benefit program; or
        (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,
in connection with the delivery of or payment for health care benefits, items, or services shall be fined under this title or imprisoned not more than 10 years, or both.
18 U.S.C. § 1347.

that he participated in a scheme to defraud, nor the specific "deceptive acts or statement of misrepresentations or concealments that make up the scheme to defraud." **ECF No. 44-1** at 1. Edgardo argues that, instead, "the allegations in the indictment about [him] are few and inconsequential[,]" and "[t]he allegations about him do not assert—even a single time—that he knowingly and willfully did or said anything to participate in an agreement to defraud NALIC." **ECF No. 39** at 4. Furthermore, Edgardo claims that Count One of the indictment "does not incorporate a statement of facts and circumstances revealing to Edgardo—*so he can defend*—the deceptive acts or conduct he engaged in that comprises a scheme to defraud." *Id.* at 9. Ultimately, Edgardo argues that the indictment is "bereft of allegations" that he participated in an agreement to defraud NALIC. *Id.* at 4.

The Government counters that the indictment is sufficient because its allegations allow Edgardo to understand the charges against him, prepare a defense, and claim double jeopardy where appropriate. **ECF No. 43** at 5. *See Savarese*, 686 F.3d at 6.

In Count One, the indictment clearly states that Edgardo and Pedro "did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury . . . to knowingly and willfully execute and attempt to execute [a] scheme and artifice to defraud [NALIC], a health care benefit program . . . in connection with the payment for health care benefits, items, and services." **ECF No. 3** at ¶ 11. The indictment then proceeds to describe in detail the alleged scheme and artifice to defraud. *See id.* at ¶¶ 10–25. Paragraphs 12 through 25 of the indictment are written under the heading "The Scheme and Artifice to

Defraud." In particular, the indictment alleges that NALIC, when Edgardo was its Vice President and soon-to-be President, entered into a service agreement with Option Health Care Network ("Option"), which Edgardo and Pedro co-owned and ran, under which Option kept ninety-five percent of the income generated by NALIC's health care division as the division's outside administrator. *Id*. at ¶¶ 4–5, 12–13. Despite receiving tens of millions of dollars from NALIC pursuant to the agreement, Option allegedly started to withhold millions of dollars of payments to health-care providers. *Id*. at ¶¶ 17–18, 22–23. At or about the same time, Edgardo and Pedro allegedly used Option's corporate accounts and credit card to fund large amounts of personal purchases and expenses. *Id*. at ¶¶ 20–21, 24. Ultimately, NALIC had to cover more than $4,000,000.00 of debt that Option owed to health-care providers. *Id*. at ¶ 25. Edgardo ignores all of these allegations when he claims that the indictment "is impermissibly silent about [his] conduct constituting deception against NALIC." **ECF No. 39** at 9.

When assessing the sufficiency of the indictment, courts "look to see whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011) (citing *United States v. Eirby*, 262 F.3d 31, 37-38 (1st Cir. 2001)). Here, Edgardo does not suggest that the indictment "flunks this test. And his attempt to sink a facially valid indictment with a motion to dismiss that targets the strength of the government's *evidence* misfires." *Id.* (emphasis in original). Accordingly, the indictment meets the statutory and constitutional requirements for sufficiency: Count One

tracks the language of the health care fraud statute and provides "a statement of facts and circumstances as to inform the accused of the specific offense with which he is charged." *United States v. Parigian*, 824 F.3d 5, 9 (1st Cir. 2016) (citations and quotations omitted).

"Because the public maintains an abiding interest in the administration of criminal justice, dismissing an indictment is an extraordinary step." *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997). *See also United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000); *Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1359 (1st Cir. 1995) ("When a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances."). But, Edgardo's first argument asks the Court to exceed its duty at this stage of the proceedings and second-guess the validity of the Grand Jury's deliberations.

Edgardo's second argument for dismissing Count One—a challenge to the probative value of the indictment's allegations—shows that he is fully aware of the allegations against him and the unlawful conduct he is charged with. *See* **ECF No. 39** at 5. However, he just does not believe that he engaged in criminal conduct. If Option failed to pay health-care providers as the administrator of NALIC's health-care division, Edgardo can see a breach-of-contract claim, but not fraud. *Id*. And, if he and Pedro, as owners of Option, wanted to "compensate themselves as they thought appropriate, including the use of the AMEX [corporate credit] card for personal, non-business[] expenses," Edgardo can see the prerogatives of a business owner, but not fraud. *Id*. at 4–5. In the end, Edgardo appears to be perfectly cognizant of the charge against which he

must defend. He simply thinks the charges are meritless. According to Edgardo, so long as "NALIC received its agreed 5% payments [under its service agreement with Option] and the insured received delivery of the contracted medical services, NALIC cannot claim to have been defrauded, or that it is the victim of a conspiracy to defraud." *Id*. at 5.

As the United States properly notes in its opposition to the motion, Edgardo's claims "are defenses to the allegations laid out in the indictment," and a "motion to dismiss is not the venue to raise such defenses." **ECF No. 43** at 6; *see also United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015) (affirming the denial of a motion to dismiss an indictment because the denied motion "fail[ed] to attack the facial validity of the indictment and instead challenge[d] the government's substantive case."). Thus, the Court rebuffs Edgardo's "efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *Id*. (quoting *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011)). For these reasons, the Court also rejects Edgardo's claim that Count One fails to state the offense of Conspiracy to Commit Health Care Fraud because, he alleges, NALIC received its five-percent share of the income from its health-care division, its insureds received medical care, and its failure to pay some health-care providers may have been a breach of contract, but not a crime. *See* **ECF No. 39** at 10–11. Edgardo is certainly right that a breach of contract, in and of itself, does not constitute a scheme to defraud. *Id*. at 11 (citing *McEvoy Travel Bureau, Inc.* v. *Heritage Travel, Inc.*, 904 F.2d 786, 791 (1st Cir. 1990)). But whether more occurred here, as the indictment alleges, "rest[s] on factual

disputes left to the factfinder." *See Ngige*, 780 F.3d at 502 (citing *United States v. Stewart*, 744 F.3d 17, 22 (1st Cir. 2014)).

Finally, Edgardo argues that Counts Two and Three of the indictment should be dismissed because they are, necessarily, legally insufficient if Count One is legally insufficient. *See* **ECF No. 39** at 13. This argument fails because the Court has already ruled that Count One is legally sufficient. But, this argument also fails on its own terms, as "[e]ach count in an indictment is regarded as if it was a separate indictment." *United States v. Powell*, 469 U.S. 57, 62 (1984) (citing *Dunn v. United States*, 284 U.S. 390, 393 (1932)). Edgardo has not shown or developed any arguments as to why Counts Two and Three are insufficient when analyzed independently of Count One.

### III. Conclusion

In light of the above, defendant Edgardo Van Rhyn-Soler's motion for leave to reply to the Government, **ECF No. 44**, is **GRANTED**, and his motion to dismiss the indictment, **ECF No. 39**, is **DENIED**. Furthermore, the Government is hereby **ORDERED** to file a bill of particulars.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 15th day of October, 2018.

                  **S/AIDA M. DELGADO-COLÓN**
                  **United States District Judge**